Filed in District Court
State of Minnesota
10/23/2020 2:34 PM

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT<br>CASE TYPE: Property Damage |

| | |
|---|---|
| BERKLEY REGIONAL INSURANCE COMPANY d/b/a BERKLEY TECHNOLOGY UNDERWRITERS, as subrogee of Schnoeckers, Inc. d/b/a BI Worldwide,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHN DOE BATTERY MANUFACTURER, SHENZHENSHI YISHENGDA DIANZI YOUXIAN GONGSI d/b/a YISHDA, and AMAZON.COM, INC.,<br><br>        Defendants. | Court File No: 27-CV-19-12052<br><br>Judge David L. Piper<br><br><br><br>**SUMMONS** |

TO: SHENZHENSHI YISHENGDA DIANZI YOUXIAN GONGSI d/b/a YISHDA and AMAZON.COM, INC.

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Amended Complaint against you is attached to this summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no court file number on this summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this summons located at:

    NIELSEN, ZEHE & ANTAS, P.C.
    55 W. Monroe Street, Suite 1800
    Chicago, IL 60603

    -and-

Fisher Bren and Sheridan LLP
920 Second Avenue South
Suite 975
Minneapolis, MN 55402

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Amended Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Amended Complaint. If you believe the Plaintiff should not be given everything asked for in the Amended Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE AMENDED COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Amended Complaint. If you do not want to contest the claims stated in the Amended Complaint, you do not need to respond. A default judgment can then be entered against you for the relief in the Amended Complaint.

5. **LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6. **ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Amended Complaint even if you expect to use alternative means of resolving this dispute.

Dated: 10/23/2020                    Respectfully submitted,

                                                  NIELSEN, ZEHE & ANTAS, P.C.

                                                  Patrick Hess
                                                  55 W. Monroe Street, Suite 1800
                                                  Chicago, Illinois 60603
                                                  312.322.9900
                                                  *phess@nzalaw.com*

                                                  -and-

                                                  **FISHER BREN & SHERIDAN, LLP**

Dated: 10/23/2020                    By:  s/ Bradley D. Fisher
                                                  Bradley D. Fisher
                                                  920 Second Avenue South, Suite 975
                                                  Minneapolis, MN 55402
                                                  612-902-2746
                                                  *bfisher@fisherbren.com*
                                                  *Attorneys for Plaintiff*

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| | CASE TYPE: Property Damage |

| | |
|---|---|
| BERKLEY REGIONAL INSURANCE COMPANY d/b/a BERKLEY TECHNOLOGY UNDERWRITERS, as subrogee of Schnoeckers, Inc. d/b/a BI Worldwide, | Court File No: 27-CV-19-12052 |
| | Judge David L. Piper |
| Plaintiff, | **AMENDED COMPLAINT** |
| vs. | |
| JOHN DOE BATTERY MANUFACTURER, SHENZHENSHI YISHENGDA DIANZI YOUXIAN GONGSI d/b/a YISHDA, and AMAZON.COM, INC., | |
| Defendants. | |

**COMES NOW** Plaintiff, Berkley Regional Insurance Company d/b/a Berkley Technology Underwriters ("Berkley"), as subrogee of Schoeneckers, Inc. d/b/a BI Worldwide ("BI Worldwide"), by and through its attorneys of record, NIELSEN, ZEHE & ANTAS, P.C., and FISHER BREN & SHERIDAN, LLC, does hereby commence this action against Defendants, John Doe Battery Manufacturer, Shenzhenshi Yishengda Dianzi Youxian Gongsi d/b/a Yishda, and Amazon.com, Inc.. For its Amended Complaint, Plaintiff states and alleges as follows:

## INTRODUCTION

1. Schoeneckers, Inc. d/b/a BI Worldwide suffered property and other damages because of a fire at its Minneapolis office building.

2. As BI Worldwide's property insurer, Berkley has paid $3,881,280, as of October 22, 2020, for damages resulting from that incident and brings this action against Defendants to recover its past and future payments and the insured's $25,000 deductible.

3. Plaintiff alleges that the fire was caused by a defective and unreasonably dangerous cell phone battery purchased on Amazon.

## PARTIES

4. BI Worldwide is incorporated in Minnesota and has its principal place of business at 7630 Bush Lake Road, Edina, Minnesota 55439. BI Worldwide provides customer loyalty programs and incentives to various industries.

5. Berkley is incorporated in Delaware and has its principal place of business in Iowa. Berkley is licensed as a property and casualty insurance company in Minnesota.

6. Berkley is unaware of John Doe Battery Manufacturer's true name. Berkley designates the actual manufacturer of the subject battery by the name John Doe Battery Manufacturer ("John Doe"), as allowed under Minn. R. Civ. P. 9.08.

7. Upon information and belief, Defendant John Doe is a corporation organized under the laws of China with its principal place of business in China. Upon information and belief, John Doe is in the business of manufacturing and selling replacement batteries for cell phones.

8. Defendant Amazon.com, Inc. ("Amazon") is incorporated in Delaware and has its principal place of business at 410 Terry Avenue North, Seattle, Washington 98109. Amazon sells or otherwise distributes replacement batteries for cell phones that were manufactured and/or sold by "Yishda."

9. Plaintiff subpoenaed records from Amazon in order to try and identify the actual manufacturer of the subject battery. Amazon produced records, attached hereto as Exhibit A, identifying "Yishda" as the "Seller" or "3P Seller" of the subject battery. Amazon produced records identifying the "Entity Name" for the subject battery, as detailed in Paragraph 10, below. Amazon did not produce records identifying the manufacturer of the subject battery.

10. Upon information and belief, Defendant Shenzhenshi Yishengda Dianzi Youxian Gongsi d/b/a Yishda ("Yishda") is incorporated in China and has its principal place of business at Shenzhenshi Futiagnqa, Zhenxingxilu 101hao Huayun Dasha 2 Dong 530, Shenzhen Guangdong, China 518000, Phone (861) 392-744-0189. Upon information and belief, Yishda is a manufacturer

2

and/or seller of replacement batteries for cell phones under the brand name Yishda.

## JURISDICTION AND VENUE

11. This is a civil case in which the Court has original jurisdiction under the Constitution of the State of Minnesota, Article 6, § 3.

12. This case involves damage to property situated in Minnesota, allegedly caused by a defective and unreasonably dangerous cell phone battery that was manufactured and/or sold by Yishda, sold or otherwise distributed by Amazon, and purchased by a Minnesota resident.

13. Upon information and belief, Minnesota has personal jurisdiction over John Doe under Minn. Stat. §543.19, as follows:

   a. Minnesota has a substantial interest in protecting its residents from defective and unreasonably dangerous products;

   b. Minnesota has a substantial interest in providing a forum for its residents to recover from foreign corporations for injuries, including property damage, occurring in Minnesota;

   c. John Doe, in person or through an agent, did one or more of the following:

      i. transacted business within Minnesota, including the sale of replacement cell phone batteries to Minnesota residents,

      ii. committed acts in Minnesota causing injury or property damage, including the sale, through Amazon, of the subject Yishda cell phone battery,

      iii. committed acts outside Minnesota causing injury or property damage in Minnesota, including the manufacture and/or sale of the subject Yishda cell phone battery, or

      iv. owned, used, or possessed real or personal property situated in Minnesota; and

3

    d. The burden placed on John Doe by being brought under Minnesota's jurisdiction would not violate fairness and substantial justice.

14. Upon information and belief, Minnesota has personal jurisdiction over Yishda under Minn. Stat. §543.19, as follows:

    a. Minnesota has a substantial interest in protecting its residents from defective and unreasonably dangerous products;

    b. Minnesota has a substantial interest in providing a forum for its residents to recover from foreign corporations for injuries, including property damage, occurring in Minnesota;

    c. Yishda, in person or through an agent, did one or more of the following:

        i. transacted business within Minnesota, including the sale of replacement cell phone batteries to Minnesota residents,

        ii. committed acts in Minnesota causing injury or property damage, including the sale, through Amazon, of the subject Yishda cell phone battery,

        iii. committed acts outside Minnesota causing injury or property damage in Minnesota, including the manufacture and/or sale of the subject Yishda cell phone battery, or

        iv. owned, used, or possessed real or personal property situated in Minnesota; and

    d. The burden placed on Yishda by being brought under Minnesota's jurisdiction would not violate fairness and substantial justice.

15. Minnesota has personal jurisdiction over Amazon under Minn. Stat. §543.19, as follows:

    a. Minnesota has a substantial interest in protecting its residents from defective and unreasonably dangerous products;

4

  b. Minnesota has a substantial interest in providing a forum for its residents to recover from foreign corporations for injuries, including property damage, occurring in Minnesota;

  c. Amazon, in person or through an agent, did one or more of the following:

    i. transacted business within Minnesota, including the sale of replacement cell phone batteries to Minnesota residents,

    ii. committed acts in Minnesota causing injury or property damage, including the sale or other distribution of the subject Yishda cell phone battery,

    iii. committed acts outside Minnesota causing injury or property damage in Minnesota, including the sale or other distribution of the subject Yishda cell phone battery, or

    iv. owned, used, or possessed real or personal property situated in Minnesota; and

  d. The burden placed on Amazon by being brought under Minnesota's jurisdiction would not violate fairness and substantial justice.

16.  Venue is proper in Hennepin County under Minn. Stat. §§ 542.01 and 542.09, as the property damaged by the subject fire is located at 7625 Bush Lake Road, Edina, Minnesota 55439.

## GENERAL FACTUAL ALLEGATIONS

17.  Rochelle Zappa is a Minnesota resident who works at BI Worldwide.

18.  At all times relevant, she owned a Samsung Galaxy S5 cell phone and its original charger.

19.  Ms. Zappa decided to replace the battery for her cell phone.

20. On or about November 5, 2018, she ordered a replacement battery from Amazon, Amazon Order No. 111-9864795-6220226. Specifically, she bought a Yishda, 6100 mAh, lithium-ion battery (the "Battery").

21. Ms. Zappa paid Amazon for the Battery.

22. Ms. Zappa received the Battery in an Amazon box delivered to her home.

23. Ms. Zappa installed the Battery in her cell phone.

24. Ms. Zappa interacted with Amazon, not Yishda.

25. Ms. Zappa went to work on November 27, 2018.

26. She brought her cell phone with her into her cubicle at the BI Worldwide office building located at 7625 Bush Lake Road, Edina, Minnesota 55439 (the "Building").

27. She charged her cell phone using the original charger plugged into a power strip in her cubicle.

28. Her phone was on her desktop while it was charging.

29. Ms. Zappa started to perform her normal work activities using the computer in her cubicle.

30. Ms. Zappa then saw sparks spraying from her phone.

31. Sparks from Ms. Zappa's phone ignited nearby combustibles starting a fire.

32. BI Worldwide employees contacted the Edina Fire Department.

33. The Edina Fire Department arrived at the Building and extinguished the fire.

34. The Edina Fire Department investigated the origin and cause of the fire and reported, "The origin of the fire was at a Samsung Galaxy S5 Active cell phone that was charging on a desk top [sic] in an office cubical." A copy of the Edina Fire Department Report is attached hereto as Exhibit B and incorporated here by reference.

35. The fire caused damage to the Building and its contents.

6

36. Berkley provided property and casualty insurance to BI Worldwide at the time of the fire pursuant to Policy No. TCP 7011623 – 11, which was in effect from September 1, 2018 through July 1, 2019.

37. BI Worldwide made an insurance claim with Berkley for damages caused by the fire.

38. Berkley has paid $3,881,280, as of October 22, 2020, on BI Worldwide's claim, which remains open.

39. Berkley is subrogated to BI Worldwide's recovery rights to the extent of its past and future payments on BI Worldwide's insurance claim for damages caused by the fire.

## COUNT I – STRICT PRODUCTS LIABILITY – JOHN DOE

40. Plaintiff restates and realleges the preceding Paragraphs.

41. John Doe is a manufacturer, commercial seller, and/or commercial distributor of Yishda brand, lithium-ion, replacement cell phone batteries.

42. John Doe manufactured, sold and/or distributed the Battery.

43. The Battery was in a defective condition, unreasonably dangerous for its intended use, when it left Yishda's control.

44. The ordinary user or consumer of the Battery could not have anticipated the danger the product created.

45. Ms. Zappa did not misuse the Battery.

46. The defective, unreasonably dangerous condition of the Battery was a proximate cause of the November 27, 2018, fire at the Building and resulting damages.

47. The defective, unreasonably dangerous condition of the Battery was caused by the way it was manufactured, assembled, inspected, packaged, and/or tested.

## COUNT II – NEGLIGENCE – JOHN DOE

48. Plaintiff restates and realleges the preceding Paragraphs.

7

49. John Doe has a duty to use reasonable care to protect people who are and property that is likely to be exposed to unreasonable risk of harm.

50. John Doe breached that duty by failing to use reasonable care when it manufactured, assembled, inspected, packaged, and/or tested the Battery.

51. One or more of those breaches was a proximate cause of the November 27, 2018, fire at the Building and resulting damages.

## COUNT III – STRICT PRODUCTS LIABILITY - YISHDA

52. Plaintiff restates and realleges the preceding Paragraphs.

53. Yishda is a manufacturer, commercial seller, and/or commercial distributor of Yishda brand, lithium-ion, replacement cell phone batteries.

54. Yishda manufactured, sold and/or distributed the Battery.

55. The Battery was in a defective condition, unreasonably dangerous for its intended use, when it left Yishda's control.

56. The ordinary user or consumer of the Battery could not have anticipated the danger the product created.

57. Ms. Zappa did not misuse the Battery.

58. The defective, unreasonably dangerous condition of the Battery was a proximate cause of the November 27, 2018, fire at the Building and resulting damages.

59. The defective, unreasonably dangerous condition of the Battery was caused by the way it was manufactured, assembled, inspected, packaged, and/or tested.

## COUNT IV – NEGLIGENCE - YISHDA

60. Plaintiff restates and realleges the preceding Paragraphs.

61. Yishda has a duty to use reasonable care to protect people who are and property that is likely to be exposed to unreasonable risk of harm.

62. Yishda breached that duty by failing to use reasonable care when it manufactured, assembled, inspected, packaged, and/or tested the Battery.

63. One or more of those breaches was a proximate cause of the November 27, 2018, fire at the Building and resulting damages.

### COUNT V – STRICT PRODUCTS LIABILITY - AMAZON

64. Plaintiff restates and realleges the preceding Paragraphs.

65. Amazon is a commercial seller and/or commercial distributor of Yishda brand, lithium-ion, replacement cell phone batteries.

66. Upon information and belief, Amazon entered into one or more written agreements with Yishda. Plaintiff subpoenaed a copy of those agreements from Amazon, but Amazon declined to produce them.

67. Upon information and belief, Amazon dictated the terms that allowed Yishda to offer the Battery for sale on Amazon's website.

68. Amazon required Yishda to indemnify it and, assuming Yishda met certain sales thresholds, to obtain general commercial liability insurance listing Amazon as an additional named insured.

69. Because Yishda participated in the "Fulfilled by Amazon" ("FBA") program, Amazon accepted possession of Yishda's products, registered them in its inventory system, and stored them in an Amazon warehouse awaiting sale.

70. Amazon required Yishda's listing to conforms to requirements set by Amazon.

71. Amazon allowed Yishda to use a fictitious name in its product listing.

72. Amazon allowed Yishda to list the Battery as an "Amazon's Choice" product. According to Amazon, "Amazon's Choice recommends highly rated, well-priced products available to ship immediately."

9

73. Amazon charged Yishda substantial fees including a commission on sales and a fee for participation in the FBA program.

74. Yishda did not receive payment until Amazon chose to remit the proceeds (less Amazon's fees).

75. Amazon provided an "A-to-z Guarantee" for the Battery, which states, "We want you to buy with confidence anytime you make a purchase on the Amazon.com website or use Amazon Pay; that's why we guarantee purchases from third-party sellers when payment is made via the Amazon.com website . . .. The condition of the item you buy and its timely delivery are guaranteed under the Amazon A-to-z Guarantee."

76. Amazon was directly involved in the sales transaction with Ms. Zappa.

77. Ms. Zappa added the Battery to her Amazon cart and checked out.

78. Amazon accepted Ms. Zappa's order for the Battery.

79. Amazon billed Ms. Zappa for the Battery.

80. Amazon collected Ms. Zappa's payment for the Battery.

81. Amazon retrieved the Battery from its place in Amazon's warehouse and shipped it to Ms. Zappa's home in Amazon packaging.

82. Yishda was not involved in the sales transaction with Ms. Zappa.

83. Yishda did not approve the sale before it was made.

84. The Battery was in a defective condition, unreasonably dangerous for its intended use, when it left Amazon's control.

85. The ordinary user or consumer of the Battery could not have anticipated the danger the product created.

86. Ms. Zappa did not misuse the Battery.

87. The defective, unreasonably dangerous condition of the Battery was a proximate cause of the November 27, 2018, fire at the Building and resulting damages.

88.     The defective, unreasonably dangerous condition of the Battery was caused by the way it was manufactured, assembled, inspected, packaged, and/or tested.

**WHEREFORE,** Plaintiff, Berkley Regional Insurance Company d/b/a Berkley Technology Underwriters ("Berkley"), as subrogee of Schoeneckers, Inc. d/b/a BI Worldwide, prays for judgment against Defendants, John Doe Battery Manufacturer, Shenzhenshi Yishengda Dianzi Youxian Gongsi d/b/a Yishda and Amazon.com, Inc., including the recovery of reasonable damages in an amount greater than $50,000, together with interest, costs, and disbursements herein as allowed by law and for all other and further relief as the Court deems just and equitable in the circumstances.

Dated: 10/23/2020                                                       Respectfully submitted,

                                                               **NIELSEN, ZEHE & ANTAS, P.C.**

                                                               Patrick Hess
                                                                55 W. Monroe Street, Suite 1800
                                                                Chicago, Illinois 60603
                                                                312.322.9900
                                                                *phess@nzalaw.com*

                                                                -and-

                                                               **FISHER BREN & SHERIDAN, LLP**

Dated: 10/23/2020                                                       By:  s/ Bradley D. Fisher
                                                               Bradley D. Fisher
                                                               920 Second Avenue South, Suite 975
                                                               Minneapolis, MN 55402
                                                               612-902-2746
                                                               *bfisher@fisherbren.com*
                                                               *Attorneys for Plaintiff*

## ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. §549.211 to the party against whom the allegations in this pleading are asserted.

s/ Bradley D. Fisher
Bradley D. Fisher
