UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Berkley Regional Insurance Company, d/b/a
Berkley Technology Underwriters,
as subrogee of Schnoeckers, Inc. d/b/a BI
Worldwide.,

         Plaintiffs,

v.

John Doe Battery Manufacturer, Shenzhenshi
Yishengda Dianzi Youxian Gongsi, d/b/a Yishda,
Amazon.com, Inc., and Shenzhen Maxpower
Technology Co., Ltd.,

         Defendants.

Civ. No. 20-2382 (WMW/DJF)

**ORDER**

      This matter is before the Court on the parties' joint motions (ECF Nos. 94, 95) to continue sealing the following documents: Plaintiff Berkley Regional Ins. Co.'s ("Berkley") memorandum in support of its Motion to Certify (ECF No. 78); Berkley's memorandum in opposition to Defendant Amazon.com, Inc.'s ("Amazon") motion for summary judgment (ECF No. 89); and the deposition transcripts of Charles Wright ("Wright Transcript") (ECF Nos. 78-2, 89-2) and Joseph Pekich (ECF Nos. 78-3, 89-3). The parties assert that Berkley's memoranda and their exhibits must be sealed because certain information in or attached to the memoranda is "[d]esignated as confidential by Amazon." (ECF Nos. 94 at 2; 95 at 2.)

      A court will seal documents in a civil case "only as provided by statute or rule, or with leave of court." L.R. 5.6(a)(1). "There is a common-law right of access to judicial records." *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). Notwithstanding, the right of access is not absolute and requires the court to balance the competing interests of public access against the legitimate interests of maintaining

confidentiality of the information sought to be sealed. *Id.* at 1123. The weight to be given the presumption of public access is strongest when, as in this case, the material at issue implicates the Article III judicial power to decide dispositive motions. *Id.* at 1124.

On September 21, 2022, the Court ordered Amazon to submit a letter to the Court that stated with specificity the basis for its confidential designations and the harm it seeks to avoid by keeping the information under seal. (ECF No. 97.) Amazon timely submitted its letter ("Letter") on October 5, 2022.

In its Letter, Amazon withdrew its request for continued sealing of ECF Nos. 78, 78-3, 89, and 89-3, and modified its request with respect to the Wright Transcript. Specifically, Amazon now requests continued sealing of only portions of the Wright Transcript and submitted a proposed redacted version. Having reviewed the Wright Transcript under seal and the proposed redactions, the Court finds that the redactions are sufficiently limited in scope and that the need for confidentiality outweighs the public's interest in accessing the redacted information. Accordingly, the unredacted version of the Wright Transcript (ECF Nos. 78-2, 89-2) shall remain under seal.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that the parties' joint motions for continued sealing (ECF Nos. [95], [96]) are **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The deposition transcript of Charles Wright shall remain under seal; the Clerk is directed to keep ECF Nos. [78-2] and [89-2] sealed;

2. By **November 4, 2022** (28 days from the date of this Order), Defendant Amazon.com, Inc. must file a redacted public version of ECF Nos. [78-2] and [89-2] in the form attached to its Letter; and

3. The Clerk is directed to unseal the following documents 28 days from the date of this Order unless a timely motion for further consideration is filed pursuant to Local Rule 5.6(d)(3): ECF Nos. [78], [78-3], [89], and [89-3].

Dated:  October 7, 2022                       *s/ Dulce J. Foster*
                                                      DULCE J. FOSTER
                                                      United States Magistrate Judge