UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Berkley Regional Insurance Company, d/b/a Berkley Technology Underwriters, as subrogee of Schnoeckers, Inc. d/b/a BI Worldwide., <br><br> Plaintiffs, <br><br> v. <br><br> John Doe Battery Manufacturer, Shenzhenshi Yishengda Dianzi Youxian Gongsi, d/b/a Yishda, Amazon.com, Inc., and Shenzhen Maxpower Technology Co., Ltd., <br><br> Defendants. | Civ. No. 20-2382 (WMW/DJF) <br><br> **ORDER** |

This matter is before the Court on the parties' request for relief through the Court's informal dispute resolution ("IDR") process. Defendant Amazon.com, Inc. ("Amazon") seeks to examine the cell phone battery at issue in this case using both non-destructive and destructive examination processes. Plaintiff Berkley Regional Insurance Company ("Berkley") does not object.

The attorney for Defendant Shenzhenshi Yishengda Dianzi Youxian Gongsi ("Yishda") withdrew from this action on July 19, 2022—almost five months ago. (*See* ECF No. 69.) Yishda has not retained substitute counsel, so it is no longer represented by an attorney. Because Yishda is a corporation and does not have representation, it is unable to appear in this matter—either to consent or object to the proposed destructive examination. *See, e.g.*, *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries that a corporation may appear in federal courts only through licensed counsel."). The Court finds that by failing to retain substitute counsel, Yishda has waived its right to object to the proposed examination.

The remaining defendant, however, Shenzhen Maxpower Technology Co., Ltd. ("Shenzhen"), has not yet been served. Shenzhen is a Chinese corporation. According to Berkley and Amazon's joint IDR letter, Berkley is working with a process server, who translated the process and sent it to the appropriate Chinese authorities for service on May 12, 2021. Although more than a year-and-a-half have elapsed since that date, Berkley has received no response from the Chinese authorities regarding the attempted service and Shenzhen has not appeared.

Berkley and Amazon request an order from the Court barring Shenzhen from raising a spoliation defense based on the destructive examination in the event that Shenzhen should eventually enter an appearance. As long as Shenzhen remains a defendant in this action, the Court must balance Shenzhen's interests in preserving the evidence against Amazon's interests in the destructive examination. *Ostrander by Ostrander v. Cone Mills, Inc.*, 119 F.R.D. 417, 419 (D. Minn. 1988) ("The Court is required to balance the interests to be served by destructive testing against the value of preservation of the evidence on behalf of the opposing party."). Because Shenzhen has not been served it has not had a fair opportunity to assert its interests with respect to this issue. The proposed destructive examination would preclude Shenzhen from participating in Berkley's examination and deprive Shenzhen of any opportunity to retain an expert to conduct its own examination. The Court accordingly **DENIES** Berkley and Amazon's request.

**IT IS SO ORDERED**.

Dated:  December 7, 2022              *s/ Dulce J. Foster*
                                                        DULCE J. FOSTER
                                                        United States Magistrate Judge