UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Berkley Regional Insurance Company, | Case No. 20-cv-2382 (WMW/DJF) |
| Plaintiff, | |
| v. | **ORDER** |
| John Doe Battery Manufacturer; Shenzhenshi Yishengda Dianzi Youxian Gongsi; Amazon.com, Inc.; and Shenzhen Maxpower Technology Co., Ltd., | |
| Defendants. | |

---

Before the Court is Plaintiff Berkley Regional Insurance Company's ("Berkley") Motion to Certify for Interlocutory Appeal and to Stay Certain Proceedings. (Dkt. 118.) For the reasons addressed below, the Court denies the motion.

## BACKGROUND

Berkley is an insurance company based in Iowa that conducts business in Minnesota. Schoeneckers, Inc., doing business as BI Worldwide ("BI Worldwide"), is a Minnesota corporation insured by Berkley. Amazon.com, Inc., ("Amazon") is a Delaware corporation based in Washington that operates an online marketplace in which third-party retailers sell products including, as relevant here, replacement cell phone batteries.

Berkley provided property and casualty insurance to BI Worldwide from September 1, 2018, through July 1, 2019. In November 2018, BI Worldwide employee Rochelle Zappa purchased a replacement cell phone battery on Amazon's online marketplace from Defendant Shenzhenshi Yishengda Dianzi Youxian Gongsi, doing business as Yishda

("Yishda"). Subsequently, Zappa's cell phone caught fire and damaged BI Worldwide's office. Berkley paid BI Worldwide more than $3 million under BI Worldwide's insurance policy to cover the fire damage.

In July 2019, Berkley commenced this products-liability action in Minnesota state court against the manufacturer of Zappa's replacement cell phone battery. Berkley alleges that the fire at BI Worldwide's office resulted from the defective and unreasonably dangerous condition of the replacement cell phone battery that Zappa purchased. Berkley amended its complaint in October 2020, adding a strict-products-liability claim against Amazon, and Amazon removed the action to this Court in November 2020. In Amazon's initial disclosures, Amazon identified Defendant Shenzhen Maxpower Technology Co., Ltd., ("Shenzhen") as the suspected manufacturer of the cell phone battery at issue. Berkley subsequently filed an amended complaint alleging a strict-products-liability claim against Shenzhen.

Amazon moved for summary judgment, arguing that, as a matter of law, Amazon cannot be strictly liable for damages caused by a product that it did not manufacture or sell. Berkley opposed Amazon's motion and cross-moved to certify a question to the Minnesota Supreme Court—namely, whether Amazon may be subject to strict tort liability for a defective product that was purchased on Amazon's website from a third-party merchant, if the product manufacturer is unavailable or unable to satisfy a judgment.

On January 24, 2023, this Court held that, under Minnesota law, strict products liability applies only to manufacturers and sellers of defective products and that Amazon could not be strictly liable for damages caused by a product that it did not manufacture or

sell. This Court, therefore, granted Amazon's summary judgment motion and denied Berkley's cross-motion to certify its question to the Minnesota Supreme Court. Berkley now moves to certify for interlocutory appeal the same question it requested to certify to the Minnesota Supreme Court and seeks to stay the proceedings of this cases until Shenzhen is properly served.

## ANALYSIS

### I. INTERLOCUTORY APPEAL

Title 28, United States Code, Section 1292(b) permits the certification of a non-final order for interlocutory appeal when (1) the order involves a controlling question of law, (2) substantial grounds for a difference of opinion exist on that question and (3) the immediate appeal of the order would advance the ultimate conclusion of the litigation.[1] 28 U.S.C. § 1292(b). Courts should grant interlocutory appeals "sparingly and with discrimination." *Union County v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir. 2008) (internal quotation marks omitted). "It has . . . long been the policy of the courts to discourage piece-meal appeals because most often such appeals result in additional burdens on both the court and the litigants." *White v. Nix*, 43 F.3d 374, 376 (8th Cir. 1994) (internal quotation marks omitted). Accordingly, the party seeking interlocutory review "bears the heavy burden of demonstrating that the case is an exceptional one in which [an] immediate appeal is warranted." *Id.*

---

[1] Even when a district court certifies a non-final order for interlocutory appeal, the court of appeals may decline such review. *See* Fed. R. App. P. 5(a) (governing discretionary appeals).

Berkley argues that an interlocutory appeal is necessary in order to resolve the question of whether Amazon may be subject to strict tort liability for a defective product that was purchased on Amazon's website from a third-party merchant, if the product manufacturer is unavailable or unable to satisfy a judgment under Minnesota law. Amazon opposes the motion.

A.     *Controlling Issue of Law*

Berkley contends that the question presented is a controlling issue of law as it would be "quite likely" to influence the course of the litigation.

For an interlocutory appeal under Section 1292(b), a controlling question of law is a legal issue that is not "a matter for the discretion of the trial court." *Id.* at 377 (internal quotation marks omitted).  A question of law "refers to a purely, abstract legal question" and not to "the application of settled law to a specific set of facts."  *Watkins Inc. v. McCormick & Co., Inc.*, 579 F. Supp. 3d 1118, 1121 (D. Minn. 2022).  A party's challenge to the application of settled law to a specific set of facts does not present a controlling question of law.  *RFC & RESCAP Liquidating Tr. Litig.*, No. 13-cv-3451, 2016 WL 3410332 at *3 (D. Minn. June 20, 2016).  An issue is a controlling question of law if reversal of the district court's order would terminate the action, or "if its resolution is quite likely to affect the further course of the litigation." *Nat'l Union Fire Ins. Co. of Pittsburgh v. Donaldson Co.*, No. 10–cv–4948, 2015 WL 4898662, at *2 (D. Minn. Aug. 17, 2015) (quoting *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 659 (7th Cir. 1996)).

4

While an answer to Berkley's question may influence the course of the litigation, the Court cannot ignore that Berkley essentially seeks an advisory opinion from the Eighth Circuit. The specific question asked by Berkley is contingent on whether the product manufacturer is unavailable or unable to satisfy a judgment. Yet Berkley concedes that it is still attempting to serve Shenzhen. It is unknown at this time whether Shenzhen would be unavailable, and it is unknown whether Shenzhen would be unable to satisfy a judgment. Any opinion issued by the Eighth Circuit on this question, therefore, would be speculative and "may be rendered moot through further litigation." *Frazier v. Bickford*, No. 14-cv-3843 (SRN/JJK), 2015 WL 8779872, at *3 (D. Minn. Dec. 15, 2015). For these reasons, Berkley fails to establish the first element required for certification.

B.  *Substantial Grounds for a Difference of Opinion*

Berkley also must demonstrate that substantial grounds for a difference of opinion exist. Amazon maintains that Berkley has failed to do so.

Substantial grounds for a difference of opinion exist when there is "a sufficient number of conflicting and contradictory opinions." *Union County*, 525 F.3d at 647 (quoting *White*, 43 F.3d at 378). Such grounds may exist if "a difference of opinion exists within the controlling circuit" or "the circuits are split on the question." *Graham v. Hubbs Mach. & Mfg., Inc.*, 49 F. Supp. 3d 600, 612 (E.D. Mo. 2014) (internal quotation marks omitted).

Neither the Eighth Circuit nor the Minnesota Supreme Court has addressed this question. Berkley, nevertheless, contends that substantial grounds for a difference of opinion exist because other states and federal circuit courts have found Amazon to be

5

strictly liable for defective products sold by third-party merchants. Berkley's argument is unavailing. Berkley supports its position primarily by citing cases that do not apply Minnesota law and cases where courts granted certification on federal law.

Berkley also maintains that Minnesota precedent supports the argument that the Minnesota Supreme Court would subject Amazon to strict tort liability. This Court has already addressed and rejected this argument, however. (*See* Dkt. 110.) And, Berkley fails to offer any Minnesota case law, statute or rule to show that substantial grounds for a difference of opinion exists. *Union Cnty., Iowa*, 525 F.3d at 647 (concluding that a movant failed to show that substantial grounds for a difference of opinion in state law existed where the movant did not offer any such state opinions, statutes or rules). Berkley, therefore, also fails to establish the second element required for certification.

  C. *Material Advancement of the Termination of Litigation*

Berkley argues that an interlocutory appeal will materially advance the termination of litigation because an interlocutory appeal would allow Berkley to complete discovery against Amazon while Berkley continues to attempt service against Shenzhen.

When considering whether an interlocutory appeal would materially advance the termination of the litigation, "the Court must balance the burden certification would impose on many entities, including the district court and court of appeals." *Nat'l Union Fire Ins. Co.*, 2015 WL 4898662 at *4. Moreover, an interlocutory appeal should not occur if it would do no more to advance termination of the case than simply proceeding with the litigation. *Hartley v. Suburban Radiologic Consultants, Ltd.*, No. 11–cv–2664, 2013 WL 6511847, at *2 (D. Minn. Dec. 12, 2013). The potentially harmful impact, both in delay

and expense, if the district court's ruling is upheld on interlocutory appeal cannot be ignored. *Id.* at *3.

Here, it would be improper to certify a question of state law to the Eighth Circuit because the Eighth Circuit, respectfully, would be in a no better position than this Court to make such a determination. *Frazier*, 2015 WL 8779872, at *4. An interlocutory appeal of an unsettled question of state law could likely involve both the federal appellate court and a state supreme court, which would cause further delays and expenses. *Id.* Moreover, the Court cannot ignore the reasonable likelihood that the federal appellate court could also affirm the January 24, 2023 Order. If the ruling is upheld "the litigation in this matter will have been dramatically and unnecessarily prolonged, at significant expense to both parties, by an interlocutory appeal." *Ray v. Union Pac. RR. Co.*, 971 F. Supp. 2d 869, 896 (S.D. Iowa 2013). As such, Berkley fails to establish the third element required for certification.

In summary, Berkley fails to meet its heavy burden of demonstrating that the question Berkley seeks to certify is the extraordinary type warranting interlocutory appeal. *See White*, 43 F.3d at 376. Berkley will have the opportunity to challenge the Court's rulings after final judgment is rendered. An interlocutory appeal on these issues would only serve to delay the proceedings and presents the risk of creating piecemeal, incomplete, and potentially unnecessary appeals. Accordingly, Berkley's Motion to Certify for Interlocutory Appeal is denied.

## II.     Staying Proceedings

Berkley argues that this case should be stayed indefinitely until Shenzhen has been served because China's ability to complete service under the Hague Convention has been

delayed due to the COVID-19 pandemic. Amazon opposes the motion and argues that Berkley fails to show the need for the stay.

The Court's power to stay proceedings is incidental to its power to control the disposition of cases on its docket "with economy of time and effort for itself, for counsel, and for litigants." *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The decision whether to stay proceedings rests within a district court's broad discretion when doing so is appropriate to control its docket. *Sierra Club v. U.S. Army Corps of Eng'rs*, 446 F.3d 808, 816 (8th Cir. 2006) (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)). Factors relevant to a district court's determination on this matter include docket control, conservation of judicial resources, and facilitation of the just determination of cases pending before the court. *Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 964 (D. Minn. 1998).

Although a district court's discretion to stay proceedings is broad, the proponent of a stay "bears the burden of establishing its need." *Kreditverein der Bank Austria v. Nejezchleba*, 477 F.3d 942, 945 n.3 (8th Cir. 2007) (citing *Clinton*, 520 U.S. at 708). In meeting this burden, the proponent of the stay must demonstrate the specific hardship or inequity that would result if required to proceed. *Jones v. Clinton*, 72 F.3d 1354, 1364 (8th Cir. 1996) (Beam, J., concurring) (citing *Landis*, 299 U.S. at 254-56). This burden includes a presumption favoring the party opposing a stay. *Id.* at 1365. Because a stay has the potential to harm the nonmoving party, a district court should exercise its discretionary power to stay proceedings in moderation. *See Landis*, 299 U.S. at 255-57.

Berkley fails to establish the need for an indefinite stay of these proceedings. Berkley has had nearly two years to complete service against Shenzhen. While the global pandemic has caused delays in service abroad, the Hague Convention also provides alternative options for those who are seeking to attempt service properly. *See Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1392 (S.D.N.Y. 2022) (discussing alternative methods of service permitted by the Hague Convention); *see also* Hague Convention, art. 15 (discussing judgment when service cannot be completed). Berkley fails to address why these alternatives are inapplicable to this case. Accordingly, the Court declines to stay the proceedings indefinitely until Shenzhen is served and denies Berkley's motion.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** Plaintiff Berkley Regional Insurance Company's Motion to Certify for Interlocutory Appeal and to Stay Certain Proceedings, (Dkt. 118), is **DENIED**.

Dated: July 31, 2023                             s/Wilhelmina M. Wright
                                                 Wilhelmina M. Wright
                                                 United States District Judge